■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK DONOHOE, Respondent, v. ERNEST L. MONTANYE, as Superintendent of Attica Correctional Facility, Appellant.— Judgment unanimously reversed on the law and petition dismissed. Memorandum: In a habeas corpus proceeding to contest the revocation of relator's parole, respondent appeals from a judgment of Wyoming County Court entered November 16, 1972 which sustained relator's writ and ordered that relator be released from prison and restored to parole. Relator argues that he was entitled to counsel at the parole revocation hearing held on August 30, 1972. At the hearing he was told that its purpose was to ascertain if he had violated parole by being arrested and convicted of a new crime and he readily admitted such conviction. He was then advised he was not entitled to counsel, was asked questions about his failing to report to his parole officer and leaving the State after the second conviction and the board determined that his parole violation had been sustained and revoked his parole. As stated in *People ex rel. Maggio v. Casscles* (28 N Y 2d 415, 418), "The conviction of another crime * * * is adequate, in and of itself, to support a revocation,

and, in such cases, a new inquiry is hardly necessary." Since relator had been convicted of a new crime any remand to the Parole Board would be meaningless (*People ex rel. Ellington* v. *Zelker*, 39 A D 2d 757; *People ex rel. Sardo* v. *Zelker*, 38 A D 2d 569.) (Appeal from judgment of Wyoming County Court, sustaining writ of habeas corpus.) Present — Goldman, P. J., Del Vecchio, Moule, Cardamone and Simons, JJ.